**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT SEGALMAN, | No. 12-17601 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01800-MCE-CKD |
| v. | |
| SOUTHWEST AIRLINES CO., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted November 21, 2014
San Francisco California

Before: RAWLINSON and FRIEDLAND, Circuit Judges and MARSHALL,[**]
Senior District Judge.

Plaintiff Robert Segalman appeals the district court's dismissal of his claims

under the Americans with Disabilities Act ("ADA") and California statutes

prohibiting disability discrimination, as well as a state-law negligence claim, all

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Consuelo B. Marshall, Senior District Judge for the U.S. District Court for the Central District of California, sitting by designation.

stemming from Southwest Airlines' alleged improper handling of his electronic wheelchair. We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6). *Narayanan v. British Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014).

Following the district court's judgment in this case, we decided *Gilstrap v. United Air Lines*, 709 F.3d 995 (9th Cir. 2013), which addressed several of the legal issues presented here. In light of *Gilstrap*, we affirm in part, vacate in part, and remand to the district court for further proceedings.

## I. ADA Claim.

As Plaintiff acknowledges in his reply brief, his ADA claim is foreclosed by *Gilstrap*, in which we held that airport terminals are not among the "place of public accommodation" governed by the ADA. 709 F.3d at 1011-12. Accordingly, we affirm the dismissal of Plaintiff's ADA claim.

## II. State-Law Negligence and Statutory Claims.

The district court concluded that Plaintiff's claims under California's Unruh Act and Disabled Persons Act, as well as his negligence claim, were preempted by federal regulations implementing the Air Carrier Access Act ("ACAA"). We subsequently considered the preemptive effect of ACAA regulations in *Gilstrap* and held that whenever "the particular area of aviation commerce and safety implicated by the lawsuit is governed by pervasive federal regulations . . . any

2

applicable state standards of care are preempted." 709 F.3d at 1006 (internal quotation marks and alteration omitted). Federal regulations "do[] not, however, preempt any state *remedies* that may be available when airlines violate those standards." *Id.* at 1010.

Plaintiff alleges that Southwest employees (i) caused his wheelchair to arrive at his destination without power, (ii) failed to follow his written directions on how to place the wheelchair in cargo, (iii) broke the wheelchair's arm and neck rests, and (iv) severed the wheelchair's seatbelt. ACAA regulations are pervasive in prescribing how air carriers must stow and care for wheelchairs, and a handful of regulations directly address the specific areas of air carrier service at issue in Plaintiff's allegations. *See, e.g.*, 14 C.F.R. § 382.127(f) (carriers must not drain wheelchair batteries); *id.* § 382.129(a) (carriers must follow passengers' written instructions concerning the disassembly and reassembly of their wheelchairs); *id.* § 382.129(b) (carriers must return wheelchairs in the condition in which they received them). These pervasive federal regulations preempt state-law standards of care (or standards of discrimination) for Plaintiff's state-law negligence and statutory claims.[1]

---

[1] We decline to reach Plaintiff's argument, raised for the first time on appeal, that ACAA regulations do not apply to intrastate conduct. *See In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014) ("Generally, arguments not raised in the district court will not be considered for the first time on appeal.").

3

The next question is whether California law provides remedies under the Unruh Act, Disabled Persons Act, and common law of negligence in situations in which, due to preemption, federal regulations provide the standard of care (or standard of discrimination). *See Gilstrap*, 709 F.3d at 1007. As in *Gilstrap*, we leave this issue for the district court to determine in the first instance.[2]

We vacate the dismissal of Plaintiff's state-law negligence and statutory claims, and remand for further proceedings.[3]

**AFFIRMED** in part, **VACATED** in part, and **REMANDED**. Each party shall bear its own costs.

---

[2] To the extent Plaintiff's state-law claims mirror his now-dismissed claim under the ADA, the district court may also consider whether, and to what extent, the state-law claims are preempted by the ADA.

[3] Because Plaintiff's operative complaint at the time of dismissal did not allege a cause of action under the ACAA, we decline to reach Plaintiff's argument that there is an implied right of action under the ACAA. *See Gilstrap*, 709 F.3d at 1002 (noting circuit split regarding an implied right of action under the ACAA but declining to reach the question because the plaintiff "d[id] not allege a cause of action under the ACAA").